UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| Keith A Yerian, | )   CASE # 6:15-bk-01720-KSJ |
| | )   CHAPTER 7 |
| Debtor. | ) |

**TRUSTEE'S MOTION FOR TURNOVER OF PROPERTY
OF THE ESTATE AGAINST FRANK MARTIN WOLFF, P.A.**

COMES NOW, Richard B. Webber II, Trustee, by and through his undersigned counsel, and hereby files this Motion for Turnover of Property of the Estate pursuant to Sections 541 and 542 of the Bankruptcy Code against Frank Martin Wolff, P.A. ("FMWPA"), and shows:

1. Debtor, Keith A Yerian ("Debtor"), filed this case under Chapter 7 on February 27, 2015.

2. The 11 U.S.C. § 341 Meeting of Creditors was held and concluded on April 9, 2015.

---

NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within thirty (30) days from the date of service of this paper and docketing of same.  If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at United States Bankruptcy Court, 400 W. Washington St, Ste. 5100, Orlando, FL  32801, and serve a copy on, Richard B. Webber II, Trustee, PO Box 3000, Orlando FL 32802-3000, and a copy to United States Trustee Office, 400 W. Washington St, Ste. 1100, Orlando, FL 32801.

If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified.  If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

3. On April 8, 2016, FMWPA filed its Statement of Compensation of Attorney pursuant to Section 329 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2016(b) (Doc. No. 64) (the "First Statement"), a true and correct copy of which is attached hereto as Exhibit A and incorporated herein.

4. The First Statement identifies that FMWPA received $20,000 in fees from "Yerian Properties, LLC, a limited liability company wholly owned by the Debtor's self-directed IRA." See the First Statement ¶ 2(b).

5. On May 10, 2016, FMWPA filed its First Supplement to Statement of Compensation pursuant to Section 329 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2016(b) (Doc. No. 67) (the "Second Statement"), a true and correct copy of which is attached hereto as Exhibit B and incorporated herein.

4. The Second Statement identifies that FMWPA received an additional $10,000 in fees from "Yerian Properties, LLC, a limited liability company wholly owned by the Debtor's self-directed IRA." See the Second Disclosure ¶¶ 1-2.

5. The Trustee has objected to Debtor's claim of exemption for his self-directed IRA by virtue of the Trustee's Objection to Property Claimed as Exempt, filed on August 8, 2015 (Doc. No. 46), a true and correct copy of which is attached hereto as Exhibit C and incorporated herein.

6. Therefore, pursuant to Sections 541 and 542, the Trustee objects to FMWPA's receipt of the $30,000 evidenced by the First Statement and Second Statement as post-petition transfers of Property of the Estate and hereby moves the Court to enter an Order requiring FMWPA to return the sum of $30,000 to the Trustee for administration.

[11000-710/5604994/1]

WHEREFORE, the Trustee moves this Court to enter an Order requiring Frank Martin Wolff, P.A. to turn over $30,000 directly to the Trustee within fifteen (15) days from the date of entry of an Order granting such relief and for such further relief as this Court deems just and reasonable.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished either by electronic transfer or via first-class, United States mail, postage prepaid, this 10th day of October, 2016 to **Keith A. Yerian**, 5767 Treasure Lane, Grant, FL 32949; **Frank M. Wolff, Esquire**, Frank Martin Wolff, P.A., 19 E. Central Blvd., Orlando, FL 32801; **Brett A. Elam, Esquire**, 105 S. Narcissus Ave., Ste. 802, West Palm Beach, FL 33401; and to the **U.S. Trustee's Office**, 400 W. Washington St., Ste. 100, Orlando, FL 32801.

/s/ Bradley J. Anderson
Bradley J. Anderson, Esquire
Florida Bar No.:  105695
Richard B. Webber II, Esquire
Florida Bar No. 0608394
ZIMMERMAN, KISER & SUTCLIFFE, P.A.
315 E. Robinson St., Suite 600 (32801)
P.O. Box 3000
Orlando, FL  32802
Telephone:  (407) 425-7010
Facsimile:  (407) 425-2747
Counsel for Chapter 7 Trustee
banderson@zkslawfirm.com
jconcannon@zkslawfirm.com
service@zkslawfirm.com

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Keith A. Yerian,

    Debtor.
_____/

Chapter 7
Case No.: 6:15-bk-01720-KSJ

**STATEMENT OF COMPENSATION**
<u>**COMPENSATION UNDER 11 U.S.C. §329 AND F.R.B.P. 2016(b)**</u>

    Frank Martin Wolff, P.A.[1] ("FMWPA") makes this statement pursuant to 11 U.S.C. §329 and F.R.B.P. 2016(b) and says:

1.  <u>Compensation Paid or Agreed to be Paid</u>.  After the filing of this case, $21,900.00 was paid to FMWPA for services rendered or to be rendered by FMWPA in connection with Adv. Pro. No. 6:15-ap-00064-KSJ, filed by Richard Blackstone Webber, II, Trustee, against the Debtor and his non-filing spouse, Sun Y. Pak.

2.  <u>Source of Compensation</u>.  The source of the foregoing compensation is:

    a.  $1,900.00 from the Debtor; and

    b.  $20,000.00 from Yerian Properties, LLC, a limited liability company wholly owned by the Debtor's self-directed IRA.

---

[1] On February 29, 2016, the law firm of Wolff, Hill, McFarlin & Herron, P.A. (WHM&H) terminated its practice.  The responsible attorney in this case, Frank M. Wolff, is now with the firm of Frank Martin Wolff, P.A. (FMWPA) WHM&H has assigned this case and this receivable to FMWPA.

G:\12153\2016(b).docx


EXHIBIT A

3. <u>Sharing</u>.  FMWPA has not shared or agreed to share the compensation with any entity other than with members and regular associates of FMWPA.

/s/ Frank M. Wolff
Frank M. Wolff
Florida Bar No. 319521
Frank Martin Wolff, P.A.
1851 West Colonial Drive
Orlando, FL 32804
Telephone (407) 648-0058
Facsimile (407) 648-0681
fwolff@fmwpa.com

Attorneys for the Debtor/Defendant
in Adversary Proceeding

## CERTIFICATE OF SERVICE

I certify that a copy of this statement of compensation was served on April 8, 2016 to all filing users through the CM/ECF filing system.

/s/ Frank M. Wolff
Frank M. Wolff

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

                                        Chapter 7

Keith A. Yerian,                      Case No.: 6:15-bk-01720-KSJ

     Debtor.
_____/

## FIRST SUPPLEMENT TO STATEMENT OF
## COMPENSATION UNDER 11 U.S.C. §329 AND F.R.B.P. 2016(b)

Frank Martin Wolff, P.A. ("FMWPA") supplements the statement made pursuant to 11 U.S.C. §329 and F.R.B.P. 2016(b) and says:

1.     Compensation Paid or Agreed to be Paid.  After April 8, 2016, $10,000.00 was paid to FMWPA for services rendered or to be rendered by FMWPA in connection with this case.

2.     Source of Compensation.  The source of the foregoing compensation is Yerian Properties, LLC, a limited liability company wholly owned by the Debtor's self-directed IRA.

3.     Sharing.  FMWPA has not shared or agreed to share the compensation with any entity other than with members and regular associates of FMWPA.

                                                              /s/ Frank M. Wolff
                                                              Frank M. Wolff
                                                              Florida Bar No. 319521
                                                              Frank Martin Wolff, P.A.
                                                              1851 West Colonial Drive
                                                              Orlando, FL 32804
                                                              Telephone (407) 648-0058
                                                              Facsimile (407) 648-0681
                                                              fwolff@fmwpa.com

                                                              Attorneys for the Debtor/Defendant
                                                              in Adversary Proceeding



G:\12153\2016(b) - supplement.docx

**CERTIFICATE OF SERVICE**

      I certify that a copy of this statement of compensation was served on May 10, 2016 to all filing users through the CM/ECF filing system.

                                        /s/ Frank M. Wolff
                                        Frank M. Wolff

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:                                    )
                                          )
Keith A Yerian                            )    Case # 6:15-bk-01720-KSJ
                                          )    Chapter 7
            Debtor                        )

TRUSTEE'S OBJECTION TO PROPERTY CLAIMED AS EXEMPT

TO: The Above-Captioned Debtor and His Attorney of Record:

Richard B. Webber II, Trustee, pursuant to 11 U.S.C. §522(l), hereby objects to the amended claim of exemptions filed by the Debtor, and shows:

1. Keith A Yerian filed a petition under Chapter 7 of this title on February 27, 2015.

2. The 11 U.S.C. Section 341 Meeting of Creditors ("Meeting") was held and concluded on April 9, 2015.

3. On July 28, 2015, Debtor filed Amended Schedule B (Doc. # 42) adding an IRA Trust Services Company valued at $350,000.00.

4. On July 28, 2015, Debtor filed Amended Schedule C (Doc. # 42) exempting the IRA Trust Services Company under Fla. Stat. Ann. § 222.21(2) and exempting a 1998 BMW M Roadster under Fla. Stat. Ann. § 222.25(4), hereinafter referred to as "Property".

5. The Trustee objects to the Debtor's claim of exemptions of the Property because Debtor concealed assets and made false oaths regarding the assets.

6. The Trustee intends to administer the non-exempt portion of the Property in the bankruptcy case for the benefit of the bankruptcy estate's creditors.

7. The Trustee will be filing a motion requesting this Objection to Exemptions be combined and track with Adversary Proceeding No. 6:15-ap-64-KSJ.



WHEREFORE, the Trustee moves this Court to enter its order as follows: (a) sustaining the objection; (b) denying the Debtor's claim of exemptions of the Property as set forth above; and (c) liquidate non-exempt assets for the benefit of creditors; (d) for such further relief as this Court deems just and reasonable.

I HEREBY CERTIFY that a true and correct copy of the foregoing Objection has been furnished by either electronic transmission or first-class United States Mail, postage prepaid, on the August 5, 2015 to: Keith A Yerian, 5767 TREASURE LANE, GRANT, FL 32949; Brett A Elam, LAW OFFICES OF BRETT A ELAM PA, 105 S. NARCISSUS AVENUE, SUITE 802, WEST PALM BEACH, FL 33401; and to the United States Trustee's Office, 400 W. Washington St., Ste. 1100, Orlando, Florida 32801.

Dated:  August 5, 2015

/s/Richard B. Webber II
Richard B. Webber II, Trustee
PO Box 3000
Orlando, FL 32802-3000
(407)425-7010
E-mail: rwebber@zkslawfirm.com